## NIAGARA FIRE INSURANCE COMPANY *v.* BOON.

### Opinion delivered June 24, 1905.

1. APPEAL—COMPETENCY OF TESTIMONY IN CHANCERY CASES.—As a chancellor is presumed to have considered only competent testimony, questions as to the competency of testimony will not be considered on appeal. (Page 156.)

2. ARBITRATION AND AWARD—PRESUMPTION.—Every reasonable presumption is in favor of an award, and it should not be vacated unless it clearly appears that it was made without authority, or was the result of fraud or mistake, or of the misfeasance or malfeasance of the appraisers. (Page 156.)

3. ARBITRATION—WITHDRAWAL OF ARBITRATOR.—An arbitration cannot be defeated, after it is properly submitted, by the withdrawal of one of the arbitrators during the investigation. (Page 157.) .

4. AWARD—EXCESSIVE VALUATION.—An award will not be set aside as being an excessive valuation unless it was so grossly erroneous as to indicate bad faith or other grounds to set it aside. (Page 158.)

Appeal from Lee Circuit Court.

S. H. MANN, Special Judge.

Affirmed.

*Terry & Terry,* for appellants.

The court erred in considering incompetent evidence. The award was invalid because: First, the refusal of Rawes to proceed on the improper basis insisted on by Hampton and the umpire operated, in law, as a revocation of the reference. Morse, Arb. 236; 46 Atl. 92. That the submission may be revoked

before award, see 3 Cyc. 610, 613. Second, the refusal of the appraiser and umpire, who assumed to act, to make separate statements as to the "sound value" of the wall before the fire and the damage thereto was a departure from the terms of the submission, and vitiated their award. Ostrander, Ins. § § 269, 273; 38 S. E. 687, 690. Third, because the *umpire* acted as an *original appraiser,* and both of those who did act did so upon an improper basis of appraisal. 38 S. E. 689; 35 Atl. 15. Fourth, the umpire was without jurisdiction, as no such "difference" had arisen as called his functions into play. 38 S. E. 687-8; 3 Cyc. 659. Fifth, the award omitted important subject-matter, towit: the sound value of the property before the fire. Ostrander, Ins. pp. 647, 674. Sixth, the award was not made in accordance with the terms of the policy and agreement of submission. May, Ins. § 1101; Ostrander, Ins. 674. Seventh, the award included damage to the awning, which was no part of the realty. Ostrander, Ins. 609, 615, 616, and § 278, p. 627. Eighth, the umpire and the one arbitrator who assumed to act resorted to Boon's attorney in preparing the award and in resuming consideration after they had disagreed. Morse, Arb. 275; 10 Ky. Law Rep. 935; 3 Cyc. 646. Ninth, the appellee communicated with the appraisers, and furnished them certain documents, in the absence of appellant. 3 S. E. 13; 13 Grat. 535; Ostr. Ins. 617. Tenth, the arbitrators had consented to adjournment of the board. 68 Ark. 583. Eleventh, there was no such "disagreement" as called into play the functions of the umpire. 38 S. E. 688; 3 Cyc. 659; 38 S. E. 638. Twelfth, the umpire did not really participate in the examination of all matters embraced in the report. 2 Cyc. 541; 29 N. Y. 293; 4 Gr. Ev. 468; 1 Dall. 364; 14 B. Mon. 294. Thirteenth, the amount of the award was excessive. The court erred in its rulings upon the evidence as to the amount of damage. 58 N. Y. Sup. Ct. 727; 59 Ark. 110; 68 Ark. 224; 70 Ark. 406. Upon the failure of the original board to agree, appellee should have acceded to the demand of appellant for a new one. 10 Daly, 535; 116 N. C. 491.

*P. D. McCulloch,* for appellees.

The award should be sustained. The law favors arbitrations,

and every intendment will be indulged in favor of their validity.
3 Cyc. 586; 57 Com. 105; 87 Ind. 457; 31 Kan. 656; 51 Ind.
83; 70 Mich. 469; 47 Mo. 488; 50 N. J. Eq. 103. An award
made in accordance with the terms of the submission is con-
clusive upon the parties. 44 Ark. 166; 48 Ark. 522; 57 N. J.
Eq. 511. Substantial compliance is sufficient. 57 Com. 105.
An award by a majority of the board is sufficient. 78 N. W.
256; 62 N. J. Eq. 73. Every presumption will be indulged
in favor of the regularity and integrity of the award, and same
will not be set aside for anything except fraud. 41 C. C. A.
170; 54 Ala. 78; 15 Ala. 398; 10 Cal. 615; 28 Fla.
209; 108 Ill. 194; 78 Ill. 286; 87 Ind. 457; 120 Ia. 272;
31 Kan. 656; 70 Mich. 469; 47 Mo. 488; 40 Minn. 164; 59
N. H. 536; 25 N. J. L. 281; 50 N. J. Eq. 103; 57 N. J. Eq.
511; 111 N. Y. 679; 119 Pa. St. 495; 74 Wis. 577. An agree-
ment, upon consideration, for submission to arbitration, or a
submission made pursuant to the terms of an original contract
between the parties, such as appears in all insurance policies, is
not revocable. 197 Pa. St. 404; 187 Pa. St. 487; 62 N. J. Eq.
73; 37 Me. 504; 40 N. H. 130; 57 Ind. 349. A written sub-
mission cannot be revoked orally. 3 Cyc. 614; Morse, Arb.
232; 26 Me. 251; 2 Wend. 602; 3 Johns. 125; 4 Sneed, 262;
10 Vt. 91; 21 Wis. 406; 57 Ind. 349; 19 Ind. App. 619. After
one submission had failed, neither party is bound to consent to
another. 116 N. C. 491, s. c. 31 N. E. 410; 46 S. W. 1131;
72 N. W. 665; 115 Pa. St. 416. The decree is correct on the
amount found due.

HILL, C. J. Boon had a policy of insurance in appellant's
company on his store building, and the adjoining building
burned, injuring the intervening brick wall, the roof and front
of his building. The adjuster of the insurance company and
Boon failed to agree on the amount of damage, and the company
invoked the arbitration clause of the policy. The clause was in
the usual form of such clauses in standard fire insurance
policies, providing that each party select a competent and dis--
interested appraiser, and the appraisers to select a competent and
disinterested umpire. The appraisers were required to estimate
the loss, stating separately the sound value and damage, and,
failing to agree, to submit their differences to the umpire, and

the award of any two in writing should be binding. The appraisers were selected, and they selected an umpire.

The preponderance of the evidence establishes the facts to be that the appraisers radically disagreed, one demanding an estimate based on a new wall, and the other based on a slight damage to the wall. The appraiser selected by the insurance company then called in the umpire, and it seems that he and the appraiser for the company differed more radically than he and the other appraiser. Then the appraiser for the insurance company withdrew, and the umpire and the other appraiser made the award in conformity to the policy. This suit was brought on the award, and the company had it transferred to chancery on allegations impeaching the award and seeking to set it aside. The case was tried by the chancellor, and there is much conflict in the evidence; but, as stated, a preponderance sustains the facts briefly outlined above, and which version comes accredited by the chancellor.

1.   Objections are made to much testimony : to some because elicited by leading questions; to other because opinion evidence was admitted from witnesses not properly qualified as experts; and for some other reasons. The case was heard before the chancellor, and he is presumed to have disregarded all incompetent testimony; and on trial *de novo* here the case is weighed solely on the competent testimony. Hence there is no profit in discussing these objections.

2.   It is insisted that the appraisers selected by the insured did not estimate on the basis required by the policy, and thereby departed from the terms of the submission.

The point turned on whether the old wall was to be treated as worthless, or an estimate made on its damaged condition. There is much evidence to sustain the appraiser in his opinion that it would have to be taken down, and the value of it would not compensate the expense of tearing it down. Even if wrong in his opinion on that subject, there is not sufficient evidence against it to set aside the award as founded in mistake. Judge Sanborn thus stated the rule :

"An agreement of appraisal is a contract. Appraisers who make an award under such an agreement are presumed to have acted in accordance with the law and the terms of the contract,

and the burden of proof is on those who attack their award to establish the contrary by convincing evidence. Every reasonable intendment and presumption is in favor of the award, and it should not be vacated unless it clearly appears that it was made without authority, or was the result of fraud or mistake, or of the misfeasance or malfeasance of the appraisers." *Bernard* v. *Lancashire Ins. Co.*, 41 C. C. A. 170.

The evidence satisfies the court, as it did the chancellor, that the award was fairly made. Certainly, it cannot be said that it clearly appears that it was the result of fraud, mistake, misfeasance or malfeasance of the appraiser or the umpire. The evidence against it on material questions is that of the appraiser selected by the company and the adjuster, and they are contradicted by the other appraiser and umpire and other testimony strongly sustaining the latter.

3. There is much said about the bias and partisanship of the appraisers, but no evidence is apparent to sustain a disqualification of them on this account, within the rule on that subject recently announced by this court in *National Fire Ins. Co.* v. *O'Bryan*, 75 Ark. 198.

4. It is contended that the arbitration was dissolved by the appraisers, and the award made by the umpire and one appraiser, acting as appraisers after the appraisers had agreed to dissolve, and that this was contrary to the terms of submission, which provided for the umpire to only act when the appraisers submitted their differences to him.

The evidence satisfies the court that the appraiser selected by the insurance company called upon the umpire to settle the differences, and, finding him more difficult to agree with than the appraiser, then withdrew. There is some evidence that the withdrawal was under the direction of the adjuster, who learned of the situation of affairs. That is not important here; for it is thoroughly settled that an arbitration cannot be defeated, after it is properly submitted, by the withdrawal of one of the appraisers during the investigation. Ostr. Fire Ins. § 291; *Bradshaw* v. *Agricultural Ins. Co.*, 137 N. Y. 137.

Other questions are discussed as to the revocation of the arbitration by the withdrawal of the appraiser on account of the arbitrary action of the other appraiser, and other questions based

on the theory of appellant that the appraiser acted without the scope of the submission and improperly. But the court is satisfied from the evidence that the appraisers' conduct was not within any of the grounds for impeaching the award; hence it is unnecessary to pursue the subject further. There was sufficient evidence to sustain the award as to the value. Even if it was not an accurate valuation, it would not be open to attack unless so grossly erroneous as to indicate bad faith or other grounds to set aside the award.

The judgment is affirmed.

Mr. Justice McCulloch disqualified and not participating.