## WANN v. WANN.

### Opinion delivered March 16, 1908.

1. DIVORCE—SUFFICIENCY OF EVIDENCE.—Evidence that a wife had repeatedly and for some time abused her husband unmercifully, applied to him opprobrious epithets, and treated him with contumely sufficient to render his condition intolerable, was sufficient to entitle him to a divorce. (Page 472.)

2. DIVORCE—CUSTODY OF INFANT CHILD.—Where, upon granting a husband a divorce from his wife, the custody of their only child, a girl six years old, is awarded to the mother because she needs the mother's care, and because the mother is financially better able to

provide for her, the court's orders in regard to the child's custody should be temporary and subject to be revoked or modified, to the end that the care and custody of the child may be under the strict supervision of the court; and while the child is in the mother's custody, the father should be allowed to visit her at all reasonable hours. (Page 473.)

Appeal from Randolph Chancery Court, *George T. Humphries,* Chancellor; reversed.

*Henderson & Campbell,* for appellant.

1. In dismissing appellant's complaint for want of proof to support its allegations, the court's decree is contrary to the clear preponderance of the testimony; and likewise the decree in her favor on the cross complaint is not supported by the weight of the evidence.

2. The father was entitled to the care and custody of the child. Kirby's Digest, § 3757; Tiffany's Persons & Dom. Rel., 249 *et seq.;* 37 Ark. 27.

Appellee *pro se.*

BATTLE, J. Joseph W. Wann asked for a divorce from his wife, Lizzie J. Wann, and for the custody of their child, Virgie May. For cause of divorce he alleged that his wife "habitually and systematically pursued a course of personal indignities towards him, consisting of unmerited reproach, rudeness, contempt, studied neglect and open insult, which conduct was persisted in by her until his condition was rendered intolerable."

The defendant answered and denied that she was guilty of the personal indignities alleged by the plaintiff against her, and alleged for cause for divorce from her husband that he had been a "shiftless and improvident man," "and that he had repeatedly spoken slanderously about her to others, accusing her of intimacy with other men, and thus rendering her life intolerable"; and asked for divorce and custody of their child.

The court rendered a decree dismissing plaintiff's complaint for want of equity, and granting her a divorce and giving her the custody of the child.

We think that the evidence sustains the allegations of the complaint. The defendant had repeatedly and for some time abused plaintiff unmercifully, applied to him opprobrious epithets, treated him with contumely, beyond his manhood to bear

and sufficient to render his condition intolerable. Her own testimony supports the allegations of his complaint, and shows hatred and contempt for her husband. She said to one witness that "she hated him worse than anything on earth", and "that it would do her more good than anything else to kill him." How could his condition under such circumstances be otherwise than intolerable?

They have only one child, a little girl, named Virgie May. She is about six years old, of that age when she needs the care of a mother. He has no home or property. The mother is financially able to provide for her. We think that the mother should have the present custody of the little girl; but, whatever orders are made in this regard, they should be expressly temporary in their operation, and, subject at all times to be revoked or modified, to the end that the care and control of the child may be under the strict supervision of the court; and that, while in the custody of the mother, the father should be allowed to visit her at all reasonable hours.

The decree of the chancery court is reversed, the complaint of appellee is dismissed, and the cause is remanded with directions to the court to render a decree in accordance with this opinion.