PRALL v. RICHARDS.

Opinion delivered January 2, 1911.

1.  REMOVAL OF CLOUD—WRONGFUL FORECLOSURE OF MORTGAGE.—Equity will restrain the wrongful foreclosure of a mortgage of land, to prevent the creation of a cloud upon title. (Page 136.)

2.  APPEAL AND ERROR—PRESUMPTION.—Although incompetent testimony appears in the record on appeal in a chancery case, it will be presumed that the chancellor's finding was based upon competent testimony. (Page 136.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*Evans & Johnson,* for appellant; *W. F. Rampendahl,* of counsel.

1.  An action to remove a cloud on title can not be maintained unless the plaintiff has both the legal title and possession, or his title be an equitable one.  37 Ark. 643; 44 Ark. 436. The owner of land can not maintain a suit to remove a cloud created by himself. · 58 Mich. 347.

2.  A grantee in a mortgage may act for himself and another, and the nature of his trusteeship need not be set out in the instrument, as it may be shown by proof *aliunde.*  28 Ark. 75; 53 Ark. 537.

*Robert A. Rowe,* for appellee.

The mortgage, as the proof shows, was given for the sole purpose of indemnifying appellant and other signers of Scanlan's bail bond.  The bond was discharged by Scanlan's compliance with its conditions.  The chancellor's findings on this question of fact are conclusive.  91 Ark. 69; *Id.* 108; *Id.* 149; *Id.* 246; *Id.* 268; *Id.* 280; *Id.* 299; *Id.* 250; 90 Ark. 166; *Id.* 426; *Id.* 494; *Id.* 512.

McCULLOCH, C. J.  Plaintiff, Mary E. Richards, while residing at Muskogee, I. T., in the year 1907, executed a mortgage to defendant Prall on certain lots which she owned in the town of Hartford, Ark., to secure the payment of a promissory note for $250, executed to defendant on the same date.  She instituted this action in the chancery court of Sebastion County to restrain defendant from foreclosing the mortgage as threat-

ened, and to remove it as a cloud on her title. She alleged that she was not indebted to defendant in any sum, that the note and mortgage were executed to defendant solely to secure him in making bond for the appearance in court of one Scanlan, who was then confined in jail at McAlester, I. T., charged with a misdemeanor under the statutes of the United States, and that said Scanlan complied with the bail bond in all respects by appearing in court, and that the case against him was dismissed; that defendant was about to foreclose the mortgage pursuant to the power of sale contained therein, and would do so unless restrained.

Defendant answered, admitting that the note and mortgage were executed to secure him in making bond for the appearance of Scanlan as alleged, but stated further that they were executed to secure a debt of plaintiff to defendant for the purchase price of merchandise which he had sold to her. The case was tried on this issue, and the chancellor found in favor of plaintiff, and granted her the relief prayed for. The mortgage introduced in evidence recites that it was given only to secure a promissory note of $250 and no other indebtedness or liability.

We think that the testimony sustains the finding of the chancellor; at least, the preponderance of the testimony is not against the finding. It fails to establish any indebtedness of plaintiff to defendant for the price of merchandise or otherwise, except her obligation to answer to him for the appearance in court of Scanlan; but that obligation has been fully discharged by Scanlan's appearance in court and the dismissal of the charge against him. The conditions of the mortgage have been fully performed, and the defeasance becomes effective. A wrongful foreclosure of the mortgage would have placed a cloud on plaintiff's title, and equity affords relief to prevent that. I High on Injunctions, § 442.

There is much incompetent testimony in the record, but we indulge the presumption that the chancellor was not influenced by it, and based his finding upon competent testimony, which we conclude sustains the finding. *Niagara Fire Ins. Co. v. Boon,* 76 Ark. 153.

It is insisted that defendant is entitled to foreclose the mort-

gage to pay small amounts expended in procuring Scanlan's release. This did not, according to the preponderance of the testimony, fall within plaintiff's obligation. Besides, the testimony does not establish the fact that defendant paid out anything to procure Scanlan's release.

Upon the whole, we are convinced that the chancellor's decree is correct, and the same is in all things affirmed.