GLOBE & RUTGERS FIRE INSURANCE COMPANY *v.* HORNOR.

Opinion delivered October 27, 1924.

1. INSURANCE—AWARD OF APPRAISERS.—Where, under the terms of a fire insurance policy, there was an arbitration, the award will not be set aside, unless the result of fraud or mistake or of the misfeasance or malfeasance of the arbitrators.
2. APPEAL AND ERROR—JURY QUESTION.—The weight of testimony and credibility of witnesses is for the jury, and not for the court on appeal.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*J. A. Watkins,* for appellant.

*Moore, Walker & Moore,* and *John C. Sheffield,* for appellee.

HUMPHREYS, J.    Appellees instituted suit against appellant in the circuit court of Phillips County upon a fire insurance policy, to recover one-half the damages occasioned by fire to a building on lot 22, block 19, in West Helena, Arkansas. The property was insured against loss by fire in two companies, the policy in question hav-

ing been issued by appellant. For this reason suit was brought against appellant for only one-half of the alleged loss. The policy contained a paragraph for the appraisement of the loss by arbitrators in case the parties could not agree between themselves. It provided that each party might choose an appraiser, and that the two chosen should select an umpire, and, if the appraisers could not agree upon an umpire, either party might apply to any court of record in the county to obtain one. It was alleged in the complaint that the parties could not agree upon the amount of damage, and that appellant chose J. A. Sullivan and appellees F. C. Cannon as appraisers; that the appraisers failed to select an umpire, whereupon appellees applied to and procured the appointment of B. J. Bruen as umpire by the circuit court of said county; that, after proper notice to the parties, F. C. Cannon and B. J. Bruen made and estimated the entire damage to the building at $3,073.10.

The cause was submitted upon the pleadings, the testimony adduced, and the instructions of the court, which resulted in a verdict and judgment against appellant for $1,506.38, including interest, from which is this appeal.

Appellant contends for a reversal of the judgment upon the ground that the evidence is insufficient to support the amount of the verdict. We cannot agree with appellant in this contention, for two reasons.

In the first place, there was an arbitration and award conformable to the provisions contained in the policy, and the award exceeded in amount the verdict and judgment. An award will not be set aside unless the result of fraud or mistake, or of the misfeasance or malfeasance of the appraisers. *Niagara Fire Ins. Co. v. Boone*, 76 Ark. 153.

In the next place, E. C. Hornor testified positively that appellees were damaged in the amount of the award. It is argued that his testimony was impaired because, in his proof of loss dated January 23, 1922, he fixed the entire amount of damage to the building at $2,123.05.

Mr. Hornor explained that he based the proof of loss on an estimate made by H. H. Walters, and that afterwards he ascertained that Walters had omitted many items of damage which should have been included in the estimate. It is also argued that the estimates of damage to the building on account of fire made by E. F. Walker, in the sum of $752.19, and J. B. Lyle in the sum of $1,510.25, a short time after the fire, are proof conclusive that the verdict was excessive. Mr. Hornor testified that these estimates omitted many items of damage resulting from the fire.

The weight of the testimony and credibility of the witnesses were questions for the jury, and not for this court on appeal. There is evidence of a substantial nature in the record tending to support the verdict, so we will not disturb it.

No error appearing, the judgment is affirmed.