GREER *v.* GREER.

4-4458

Opinion delivered December 7, 1936.

302

*Rowell, Rowell & Dickey,* for appellant.

*E. D. Dupree, Jr.,* for appellee.

McHANEY, J.  Appellee sued appellant for divorce on the grounds of general indignities such as to render her condition in life intolerable.  They separated in the latter part of November or early part of December, 1934, after a marriage of practically twelve years.  The action was instituted in the Jefferson chancery court, where the appellee was living with her brother, on December 18, 1934, and there was a prayer for the custody of their infant daughter about five years of age. Appellant defended the action on the ground that the allegations of the complaint were not true.  He further answered that since the institution of this suit, to-wit: On December 18, 1934, all grievances, if any, and all domestic difficulties, if any, between appellant and appellee, were condoned by virtue of the fact that after the events complained of, appellee and appellant had lived together as man and wife.  He asserted his willingness to provide a home for his wife and child, but stated that if she refused to return to his home, he should be granted the custody of his child.  Trial resulted in a decree for appellee awarding her an absolute divorce and giving her the custody of said child with certain

exceptions. To reverse that decree, this appeal is prosecuted.

Three grounds are urged upon us for a reversal of the decree of divorce, as follows: 1. Insufficiency of the evidence of the appellee; 2. Lack of corroboration; 3. Condonation.

■ As to the sufficiency of the evidence to support the chancellor's finding, it may be stated at the outset, that the same rule applies in a divorce action as in other chancery actions, that the findings of fact by a chancellor will not be disturbed by this court unless such finding is against the preponderance of the evidence. *Adams* v. *Adams,* 177 Ark. 374, 6 S. W. (2d) 290. There is a long record before us containing more than 350 pages, and a number of witnesses testified on each side of this case. We think it would serve no useful purpose to detail this testimony. It is a record of bickering, nagging and dictatorial actions on the part of appellant towards his wife. The evidence on behalf of appellee, which must have been accepted by the chancellor as true, reflects that appellant undertook to mold appellee into the kind of woman he wanted her to be, instead of the kind of woman she was and wanted to be. There is no charge and no proof of any immoral conduct on behalf of either party, in fact both appear to bear good reputations. We have carefully examined the evidence as abstracted by appellant, and find it sufficient to support the chancellor's finding, and not mere conclusions as contended by appellant. 2. Appellee testified to many acts of misconduct toward her on the part of appellant, and we think there is ample corroboration found in the record. 3. As to the condonation, it is true and appellee admitted that she returned and lived with appellant as man and wife from the 9th to the 13th of December, 1934. She testified, however, that she did not do this because she had become reconciled with appellant, but for the purpose of obtaining the custody of her child who had been taken from her by force and carried to Ashdown by appellant. This suit was not filed until December 18, 1934, and she did not live with him after that time. We do not detail the testimony as to the schemes and trickery

resorted to by appellant to obtain the custody of the child because it could only serve to reflect upon the parties as well as the child. Suffice it to say that we are of the opinion that appellee was entitled to a divorce on account of the subsequent conduct of appellant in attempting to take the child from appellee. In fact, it appears that the principal complaint in this case has been over the custody of the child.

It is finally contended that appellant should be awarded the custody of the child even though appellee's divorce is permitted to stand. We cannot agree with him in this contention. The child is a girl of tender years, being now about six years of age. So far as this record discloses, both of the parties are of good character and are proper persons to care for the child, and under such circumstances, the court would not deprive the mother of the general care and custody of an infant daughter. *Taylor* v. *Taylor,* 163 Ark. 229, 259 S. W. 395.

No error appearing, the decree is affirmed.