PHILLIPS *v.* PHILLIPS

5-3925                                             406 S. W. 2d 325

Opinion delivered September 26, 1966

*Gus R. Camp,* and *E. L. Holloway,* for appellant.

*Dudley & Burris,* for appellee.

PAUL WARD, Justice. This is an appeal from a decree changing the custody of a young child from the father to the mother. A summary of the material facts and circumstances leading to this appeal is set forth below.

*Background Facts.* The parties were married in July 1959. Some three years later a daughter, Lesa Loeta, was born to the union. It appears from the record that the parties were under twenty years of age when they married. When Lesa Loeta was about two years old the parties separated, and were divorced on April 24, 1964. In accord with a written agreement, entered into on April 10, 1964 by the parties (approved by the court), the custody of Lesa Loeta was awarded to appellant— the father.

*Petition for change of custody.*

On March 29, 1965 appellee (the mother) filed a petition asking the chancery court to award to her the custody of the child. In support of the petition it was alleged that at the time of the divorce decree she had "no employment or income," but that since that time she has completed a course in cosmetology and is licensed as a beautician from the State of Arkansas and from the State of Missouri; that she is steadily and gainfully employed, operating a beauty shop.

In reply to the above petition appellant alleged; (a) there had been no change in circumstances since the divorce decree, and; (b) it would be to the "best interest of the minor child for the custody order to remain as it is . . . ."

For a reversal, appellant urges only two specific grounds: One, "there has been no change in circumstances," and; Two, "the change of custody was not for the best interest of the child." After a careful study of the record and our applicable decisions we are unable to agree with appellant on either ground, and therefore conclude the trial court must be affirmed.

*One.* The undisputed testimony shows that there has been a material change in circumstances since the original decree. At that time appellee was not able to support the child and had no place to keep her. At this time appellee has completed a course in cosmetology and is now a licensed beautician in Arkansas and Missouri. Now she is steadily and gainfully employed, conducting her own shop in Williamsville, Ark. She has a place for her daughter to live with her. The case of *Hamilton* v. *Anderson,* 176 Ark. 76, 2 S. W. 2d 673 presents a situation similar to the one here presented. There, the court awarded part time custody of two girls (ages 6 & 8) to the father, but refused later to award custody to the mother who had employment and a home in which to keep the children. On appeal this Court reversed the trial court and gave custody to the mother. In doing so it was stated: "We think, however, that the testimony does show such conditions as warrant a change of custody."

In the case before us the trial court found there was such a change in conditions as to support a change in custody, and we are unwilling to say any such finding was contrary to the weight of evidence.

*Two.* Likewise, we think the trial court must be sustained in finding the change of custody was in the best interest of Lesa Loeta. We have many times followed the well established rule, in cases of this nature, that the chancellor must keep in view primarily the welfare of the child. *Kirby* v. *Kirby,* 189 Ark. 937, 75 S. W. 2d 817. We have also many times recognized that this rule operates favorably to the mother as the custodian

where the child is of tender years. See: *Beene* v. *Beene,* 64 Ark. 518, 43 S. W. 968; *Wann* v. *Wann,* 85 Ark. 471, 108 S. W. 1052; *Meffert* v. *Meffert,* 118 Ark. 582, 177 S. W. 1, and; *Taylor* v. *Taylor,* 163 Ark. 229, 259 S. W. 395. In the *Beene* case we said: ''... but the younger of the boys, not yet five years old, it seems to us, is in special need of a mother's control—that care and control which a father is ill suited by nature to exercise.'' In the *Wann* case it was stated: ''They have only one child, a little girl, named Virgie May. She is about six years old, of that age when she needs the care of a mother.'' In the *Meffert* case there appears this statement: ''Considering her tender age [8] and the fact that she needs a mother's care, we do not think the chancellor erred in awarding her custody to the mother.'' In the *Taylor* case there is the following statement: ''The child's age [girl 5] is such that a mother's care is very necessary, and we think the custody should be awarded to the mother.'' The rule set forth above has been many times reaffirmed in more recent cases.

Finding no reversible error the decree appealed from is accordingly affirmed.

Affirmed.