Joan K. LAWLER, Appellee,

v.

John P. LAWLER, Appellant.

No. 53618.

Supreme Court of Iowa.

March 4, 1970.

Russell S. Wunschel, of Wunschel & Schechtman, Carroll, for appellant.

Thomas L. McCullough, Sac City, for appellee.

MASON, Justice.

This is an appeal by defendant-husband from a decree awarding plaintiff a divorce and attorney fees. October 4, 1967, Joan K. Lawler filed petition for divorce against John P. Lawler seeking custody of the parties' children, allowance for their support, alimony, award of personal property, attorney fees and other relief, alleging in a single division, but in a separate paragraph, cruel and inhuman treatment such as to endanger her health and life and that defendant had since their marriage become addicted to habitual drunkenness. Defendant filed answer denying the basic allegations of the petition and alleged condonation as an affirmative defense thereto.

After the petition was filed the parties resumed marital relations until sometime in 1968 when plaintiff moved to Wall Lake; May 23 plaintiff amended her petition alleging that recurrence of the cruelties and excessive use of alcohol by defendant as originally charged nullified any contention of condonation.

Following trial in March 1969 the trial court found defendant guilty of such cruel and inhuman treatment as to endanger

plaintiff's life and health, that after marriage defendant had become an alcoholic and ordered him to pay plaintiff's counsel $1500 in addition to the temporary allowance previously awarded. The decree reserved the matter of custody and support of the children, alimony and property division until further hearing under a local rule of court which we are advised provides in all contested divorce or separate maintenance actions there shall be a separation of issues and a trial first had on the issue of whether there shall be a decree of divorce or separate maintenance. All other matters shall be reserved for later trial, if not moot, after the appeal or appeal time has expired.

Defendant asserts six propositions for reversal: Error of the trial court in (1) granting plaintiff a divorce on the ground of habitual drunkenness, (2) granting plaintiff a divorce on the ground of cruel and inhuman treatment, (3) granting a divorce where testimony showed plaintiff had made no effort to use her influence to keep defendant from drinking, had failed to assist or encourage him to receive professional help and had participated in drinking sessions, (4) considering matters outside the record, particularly his own experience in Alcoholics Anonymous, (5) fixing any attorney fees until the matter was fully submitted and (6) granting a divorce where plaintiff's testimony was not properly corroborated.

■ I. This suit being in equity, our review is de novo. Rule 334, Rules of Civil Procedure. Joan and John Lawler were married June 1, 1957. At the time she was 18. At the time of the trial she was 30, he was 31. They have five children, John Michael, 11; Donald Kenneth, 9; Kathi Jean, 8; Teresa, 7; and Diana, 5. After marriage they lived on a 320-acre grain farm south of Wall Lake. Defendant also fed some livestock.

Plaintiff testified that after Teresa was born John started drinking heavily, getting worse each year. At first it was during the winter, but during the last couple years it was year round. If plaintiff hadn't done the chores by the time defendant got home from drinking, he would insist that the boys get out of bed and help feed silage and corn to the cattle and water the pigs. The oldest boy was then in kindergarten.

When Mike was six, John became intoxicated a couple times a week. He would get mad and talk two to three hours. In the last couple years John started throwing plaintiff and the children around, hitting the children and breaking the furniture. She estimated her husband's drinking problems started approximately seven years before trial. Plaintiff related one incident when they went to the hospital to get Teresa and had to stop so defendant could have a beer. He would start out on beer and end up on whiskey.

She told of another occasion in May 1967 when John had taken the boys to Breda and he began drinking. About 2 a. m. a strange car entered the yard bringing them home after the Lawler car went into a ditch. Defendant insisted that Mike drive the tractor to the scene and get the car out. When plaintiff interceded, John started throwing dishes until she finally told him to take the tractor and she would bring the boys in the pickup. Instead, she went to defendant's mother with the children. John's two uncles finally went over and pulled the car out.

Two or three weeks after this event, when defendant had been drinking he hit plaintiff in the mouth with his fist, grabbed her arms, threw her across the room—inflicting bruises which lasted two to three weeks. When the oldest boy tried to defend his mother, his father threw him against the deep freeze.

When she returned to defendant after starting the divorce action he again started drinking excessively. Defendant made no threats but "sure gave her a lot of hell". If he didn't pick on the oldest boy, he was picking on one of the girls. Once when Donnie came home from school unable to

walk because his leg, broken a couple years before, was bothering him, defendant came into the house mad and drunk, ripped the boy's pants and underwear. After plaintiff called the doctor, she and defendant took the boy to town. At the doctor's office John couldn't even talk to the doctor, was "too drunk to walk down the hall".

Plaintiff had been taking nerve pills and was under doctor's care for about two years. When her husband was drinking heavily she broke out in hives. She was positive she couldn't live with him any longer, didn't have any love or respect for him, didn't trust him because she didn't believe he was going to quit drinking. Plaintiff felt if she continued to live with John she would be a nervous wreck and end up in Cherokee, as she had almost reached that point.

There are other instances throughout the record of his behavior while drinking.

Plaintiff admitted she never suggested defendant seek professional help because of his drinking habits. She didn't know where he would go and it wasn't until she decided to leave that he asked her help. Until defendant started drinking about seven years before trial they had a good marriage.

Defendant as a witness in his own behalf testified he had had some problems with drinking in the last few years, but never intentionally harmed anyone or deliberately went out and got drunk. He knew he was an alcoholic and couldn't stop at an average drink; he drank to the point he couldn't remember and concedes he was probably as cruel to his wife with his tongue as he could have been with his fist and it wasn't good for the children to live in fear of their dad coming home in that condition. Until he joined Alcoholics Anonymous he never realized the terrible fear his wife had of his coming home drunk. After the divorce action was commenced, he quit drinking for two and one-half months, but right before Christmas he couldn't stand the urge and finally gave in. He had not had a drink since his wife left on the last occasion.

Plaintiff offered testimony of two other witnesses.

II. Defendant's first, third and fourth propositions for reversal bear on plaintiff's allegation that since marriage defendant had become addicted to habitual drunkenness. We, therefore, consider these assignments before passing to those propositions relating to the charge of cruel and inhuman treatment.

Code section 598.8, subsection 4, formerly provided that a ground for divorce existed when, after marriage, a defendant became addicted to habitual drunkenness. In 1959 the Fifty-eighth General Assembly, chapter 152, section 188, amended this portion of the divorce statute to read, "When, after marriage, he becomes a chronic alcoholic."

In view of the disposition we make of defendant's appeal, we do not reach the question whether the legislature intended to change the ground for divorce or only the terminology of this subsection or adopt a definition of a "chronic alcoholic".

■ Defendant complains the trial court erred in considering matters outside the record, particularly in his own experience in Alcoholics Anonymous. As previously stated, our review is de novo. We are not bound by the trial court's finding and it is our responsibility to review the credible evidence and determine for ourselves whether it was of the necessary weight and sufficiency to grant plaintiff relief. We do that in reaching our conclusion here.

Defendant's contention in this respect has no merit.

■ III. Defendant next contends the court erred in granting plaintiff a divorce on the ground of habitual drunkenness. As pointed out, plaintiff alleged cruel and inhuman treatment and habitual drunkenness in a single division of her petition for relief. The court found defendant had been guilty of cruel and inhuman treatment and had become an alcoholic since marriage.

■ Plaintiff had a right under Code section 598.8 to allege as many causes of divorce as she had in one petition without asserting inconsistent rights or remedies or being required to elect between such grounds. She could make proof on all, and, if she proved either ground she would be entitled to a divorce. Adams v. Adams, 177 Ark. 374, 376, 6 S.W.2d 290, 291; Allen v. Allen, 194 Ga. 591, 592, 22 S.E.2d 136, 138; Carawan v. Carawan, 203 Ga. 325, 326, 46 S.E.2d 588, 589; Whitcomb v. Whitcomb, 115 Vt. 331, 332, 58 A.2d 814, 815; 27A C.J.S. Divorce §§ 10 and 106; and 24 Am. Jur.2d, Divorce and Separation, section 307.

"There seems to be no question anywhere about the right to join, in one suit, as separate causes of action, as many grounds for divorce as can reasonably be alleged and then proceed to prove whichever of them can be proved." 3 Nelson, Divorce and Annulment, Second Ed., section 24.02.

■■ A petition for divorce may contain grounds both of cruel and inhuman treatment and any one of the other grounds permitted by section 598.8. Of course, from the standpoint of good pleading, a party alleging more than one cause for divorce should plead each ground in a separate division of her petition. Rule 79, R.C.P.

■ However, a petition for divorce on the ground of cruel and inhuman treatment may properly allege the fact that since marriage defendant has become a chronic alcoholic, not as a distinct ground of divorce but to lend weight and color to the allegation of cruelty. See 27A C.J.S., supra, § 106.

It is fair to infer plaintiff was employing this theory of pleading in setting forth her ground for relief.

For reasons stated later defendant's contention under this proposition cannot be sustained.

Although it does not appear this precise problem was an issue, language found in Baker v. Baker, 252 Iowa 1161, 1162, 110 N.W.2d 236, 237, supports our position here.

■ IV. Defendant argues under his third proposition that plaintiff had some obligation to assist her husband with his drinking problem, not condemn him. This argument is not persuasive. The five children in this family ranging from age 5 to 11 required a mother's care—a full-time job. Evidence of her participation in drinking sessions with defendant is indeed meager.

Defendant experienced the result of his drinking at the time of their first separation. There was every reason for him to know that if his cruel behavior while under the influence of liquor continued, his wife would be warranted in leaving him and appealing to the law for relief.

V. Two of defendant's remaining propositions concern the ground of cruel and inhuman treatment. He argues that although he admits he was an alcoholic, he had no realization of his acts or conduct when he had an excess of liquor. He contends that since this court has held a divorce cannot be granted for inhuman treatment endangering the life of the other spouse if it appears the treatment was the result of mental illness (Punelli v. Punelli, 260 Iowa 549, 554, 149 N.W.2d 784, 787–788), and alcoholism and mental illness are in the same category; therefore, any inhuman treatment inflicted on a spouse as a result of chronic alcoholism does not constitute ground for divorce.

■ We disagree with defendant for two reasons: First, it seems unlikely the legislature would have created a separate ground for divorce by enacting Code section 598.8, subsection 4, which, as previously noted, provides, "When, after marriage, he becomes a chronic alcoholic" if it had intended acts of cruelty resulting from chronic alcoholism to be of the same classification as acts of inhuman treatment attributable to mental illness.

The view that a husband's drunkenness will not justify cruel treatment of his wife is the basis of our second reason for disagreeing with defendant, since we do not understand that acts of cruelty from a drunken husband are less painful to the wife or his insults less humiliating than they would be if he was sober. See Harl v. Harl, 24 Ky.Law Rep. 2163, 2164, 73 S.W. 756, 757.

In Milks v. Milks, 238 Iowa 785, 790–791, 28 N.W.2d 472, 474, this court said, "Mere drunkenness, without more, does not constitute sufficient ground for a divorce under Section 598.8(5), Code 1946." There the record at best showed nothing except appellant was a heavy drinker and indulged in a weekly drunk. We declared that even assuming the husband's intoxication constituted inhuman treatment, there was insufficient evidence his conduct endangered, either apparently or in fact, her physical safety or health to a degree rendering it physically or mentally impracticable for her to discharge properly the duties imposed by the marriage. The record here is much stronger.

■ On the other hand, a party's drinking habits and inhuman treatment of his spouse resulting from drunkenness and acts committed while under the influence of intoxicants may constitute cruel and inhuman treatment such as to endanger life as required under our statute and ordinarily such inhuman treatment will not be excused by the intoxication of the offending spouse. See Mooney v. Mooney, 317 Mass. 433, 435, 58 N.E.2d 748, 749; Morrone v. Morrone, 44 N.J.Super. 305, 309–310, 130 A.2d 396, 398; Shoemaker v. Shoemaker, 199 Pa.Super. 61, 72, 184 A.2d 282, 287; and cases collected in Annotation in 76 A.L.R.2d 419, 425, 432, 441, 446; 24 Am.Jur.2d, Divorce and Separation, supra, section 47; and 27A C.J.S. Divorce, supra, § 55.

■ VI. We consider evidence of defendant's cruelty stemming from his intoxication in the light of those well-established rules of law which we have set forth in Beno v. Beno, 260 Iowa 442, 445, 149 N.W.2d 778, 780; Sigler v. Sigler, 260 Iowa 748, 749–750, 150 N.W.2d 287, 288–289; and Lovett v. Lovett, Iowa, 164 N.W.2d 793, 796–797. In order that the litigants may know the basis of our consideration we repeat them once again:

"A party seeking divorce on ground of cruel and inhuman treatment endangering life has the burden of proof.

"To entitle a party to a divorce under Code section 598.8(5), it is necessary two elements be proven, (1) inhuman treatment and (2) danger to life therefrom.

"Life may be endangered by impairment of health.

"Danger to life is sufficient where the danger is reasonably apprehended.

"Proof of physical violence is not always necessary. Any mistreatment which deprives a spouse of needed rest, peace of mind, and affects the nervous system so that health is undermined, may endanger life as effectively as physical violence.

"A long continued, regular and persistent course of faultfinding, criticism and belittling, on the part of one spouse, may amount to cruel and inhuman treatment and where there is also a persuasive showing that such conduct has affected the health, physical or mental, and to some extent has thereby endangered the life of a spouse, a sufficient cause has been made to justify a divorce.

"To determine whether ground for divorce under the allegation of cruel and inhuman treatment exists, it is necessary to consider the entire record of the married life of the parties.

"Our review is de novo. We give considerable weight to the fact findings of the trial court but are not bound by them.

"Whether a course of conduct is such as will justify a decree of divorce on ground of cruel and inhuman treatment must be determined in each case upon its facts."

When so considered, we conclude the evidence set out, supra, justified the court in granting plaintiff a divorce on the ground of cruel and inhuman treatment. Defendant's second proposition is without merit.

Having determined plaintiff established one ground alleged for relief by a preponderance of the evidence and a divorce justified on this ground, there was no error in the trial court's finding defendant, after marriage, had become an alcoholic. This is true even though, assuming arguendo, there was not sufficient evidence to establish habitual drunkenness as a distinct ground for divorce.

It is for this reason that we determined in Division III, supra, defendant's contention there considered was without merit.

VII. In support of his other proposition bearing on cruel and inhuman treatment—the sixth—defendant contends the court erred in granting a divorce where plaintiff's testimony was not properly corroborated.

"Code section 598.7, I.C.A., provides 'No divorce shall be granted on the testimony of the plaintiff alone.' Corroboration is required to prevent collusion between the parties. It is not necessary, however, that every detail of plaintiff's testimony be corroborated or that the corroboration alone sustain the decree. Also defendant's testimony may corroborate plaintiff's. Payton v. Payton, 252 Iowa 772, 776, 108 N. W.2d 358, 360, 86 A.L.R.2d 416, and citations; Lane v. Lane, supra, at pages 95–96 of 253 Iowa, page 288 of 111 N.W.2d. See also Hancock v. Hancock, supra, * * [257 Iowa 119, 123], 131 N.W.2d 757, 760, and citations." Arnold v. Arnold, 257 Iowa 429, 435, 133 N.W.2d 53, 57.

Plaintiff's evidence of inhuman treatment is corroborated as required by this section by other witnesses and defendant's testimony.

VIII. In his fifth and remaining proposition defendant contends the court erred

in making award to plaintiff of attorney fees for services rendered in the trial, maintaining it would be better procedure to delay fixing allowance for attorney fees until all matters growing out of the marital relationship had been submitted. As previously stated, under a local court rule only the issue of whether there should be a decree of divorce was tried. The order challenged awarded an additional $1500 for that portion of the trial. It is noted there had been a previous order for temporary fees of $250. All other matters including custody and support of the children, alimony and property division were reserved until further hearing.

Although we find no error in making a further allowance at that point for services rendered plaintiff in the trial of the divorce issue under the local procedure existing and affirm the award, we disapprove of the local rule permitting such practice and suggest it be discarded in all future divorce and separate maintenance actions since it makes possible two appeals in every such proceeding; one on the divorce issue as here, another on the determination of custody, alimony and property settlement.

When a divorce is decreed the court should make such order in relation to the children, property, parties and the maintenance of the parties as shall be right. Code section 598.14. If this procedure is followed, one appeal can ordinarily determine correctness of the order. Perhaps it could even help in pursuing the goal—there should eventually be an end to all litigation.

IX. Plaintiff's motion for attorney fees for services rendered in this appeal was submitted with the appeal. The motion contains a general, brief statement of time involved for those services. Of course, under the local procedure followed, we have no evidence of defendant's ability to pay. Undoubtedly, plaintiff's counsel has spent a great deal of time preparing this appeal. Without in any way attempting to

place a valuation on this service or what counsel should be paid, we simply determine what portion thereof should be paid by defendant. Lovett v. Lovett, supra, Iowa, 164 N.W.2d at 804. Plaintiff should be allowed an additional $750 toward her attorney fees. Any amount due her attorney for services on this appeal above this additional allowance must be paid by her. Judgment shall be entered in the trial court for such additional amount.

Costs shall be taxed against defendant.

Except for the allowance herein made, the decree is affirmed. The matter is therefore

Affirmed and remanded.

All Justices concur except REES, J., who takes no part.