## H. SQUIER, APPELLANT, v. B. LOWENBERG ET AL., RESPONDENTS.

FINDINGS—PRESUMPTIONS.—In the absence of findings of fact from the record in a cause tried by the court without a jury, the presumption is that they were waived. If not, that fact should appear affirmatively.

APPEAL from the first judicial district, Nez Perce county.

*Huston & Gray*, for the appellant.

Respondents made no appearance.

PRICKETT, J., delivered the opinion; MORGAN, C. J., and BUCK, J., concurring.

The cause was tried by the district court without a jury, and judgment was rendered in favor of the defendants for their costs. The record brought to this court consists of the judgment-roll, in which there is no finding of fact, and the appellant seeks to reverse the judgment on that ground, and urges the decision in the case of *Estell* v. *Chenery*, 3 Cal. 467, and others of like import, in support of his position. When those decisions were rendered by the supreme court of California, the statutes of that state required, without exception, in all cases tried by the court without a jury, that findings of fact should be filed. Our statute, section 188 of the civil practice act, provides that "findings of fact may be waived by the several parties to an issue of fact: 1. By failing to appear at the trial. 2. By consent, in writing, filed with the clerk. 3. By oral consent, entered in the minutes."

This statute, as will be seen, does not absolutely or unconditionally require that findings of fact shall be filed in all cases, but only that they must be filed unless waived in

one of the methods therein mentioned. It is a familiar rule that upon an appeal taken, error is not to be presumed, but must affirmatively appear from the record. Where, therefore, as in this case, a cause is tried by the court without a jury, and the appeal is taken upon the judgment-roll alone, the absence of findings of fact from the roll does not establish that error was committed. Under the rule referred to, we can not presume that the findings were not waived; the necessary intendment in support of the judgment is the other way. We must presume that they were waived under the statute. A party, therefore, who comes to this court to allege that the court below committed error in rendering judgment without finding the facts, must, by bill of exceptions, make it affirmatively appear by the record, that he did not waive findings in the court below, otherwise the presumption here must go to support, and not to overthrow, the judgment rendered there.

The judgment is affirmed.