(February 14, 1887.)

## TOULOUSE ET AL. v. BURKETT.

### [13 Pac. 172.]

PLEADING—PRACTICE—OBJECTION CANNOT BE RAISED IN SUPREME COURT FOR FIRST TIME.—If an action is tried upon the theory that the answer denies the allegations of the complaint, the objection that certain allegations in the complaint are admitted through defective denials cannot be raised for the first time in the appellate court.

ERROR NOT SHOWN—PRESUMPTION IN FAVOR OF TRIAL COURT.—If the record on appeal does not affirmatively show error in the court below, the judgment will be affirmed, as every intendment is in favor of the regularity of the trial court.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

A. F. Montandon, for Appellants.

Findings contrary to admission in the pleadings must be disregarded, nor can a defendant controvert a fact admitted by the pleadings. (*Burnett v. Stearns,* 33 Cal. 468; *Bradbury v. Cronise,* 46 Cal. 287; *Mill v. Den,* 54 Cal. 20; *Tracy v. Craig,* 55 Cal. 93; *Silvey v. Neary,* 59 Cal. 97, 98; *White v. Douglass,* 71 Cal. 115, 11 Pac. 860.) A refusal of a party to perform amounts to abandonment. (*Hicks v. Lovell,* 64 Cal. 14-21, 49 Am. Rep. 679, 27 Pac. 942.) Where parties wishing to apply one law, but mistakenly apply another, relief will be afforded, and the same rule will prevail as if it was a mistake of fact. (*Pitcher v. Hennessy,* 48 N. Y. 415; *Lanning v. Carpenter,* 48 N. Y. 408.) A specific denial to each allegation of a complaint is a separate denial, applicable only to the particular allegation controverted. (*San Francisco Gas Co. v. City of San Francisco,* 9 Cal. 453-473.) An allegation not denied is admitted, though the allegation is in the charging part. (*Thomas v. Austin,* 4 Barb. 265.) Each denial of an answer must be regarded as applying to the specific allegation it purports to answer, and not as forming a part of an answer to some other specific and entirely independent allegation. (*Racouillat v. Rene,* 32 Cal. 450, 454; *Gay v. Winter,* 34 Cal. 153.)

Kingsbury & McGowan, for Respondent.

No authorities cited in their brief.

BUCK, J.—This action is brought to set aside an alleged contract, and to reform a deed, upon the ground that it was executed by mutual mistake.   The plaintiff appeals from the judgment, and brings the cause into this court on a bill of exceptions.

The errors assigned and insisted upon are that certain findings of fact by the trial court are contrary to the evidence, in that they are contrary to the admissions in defendant's answer. There is no evidence in the transcript, and appellant rests the merits of his appeal entirely upon admissions by defendant in failing to deny certain allegations of the complaint.   In each instance in which objection is made to the denials in the answer, there is, at least, an attempted denial.   Had the objection been made in the trial court by motion or other appropriate remedy, or had objection to the introduction of evidence been made upon the ground that the allegations in the complaint were admitted by defective denials, the ruling of the court thereon might have been brought to the consideration of this court. There is, however, nothing in the record to indicate that these denials were not regarded sufficient to raise an issue upon the trial of the case.   It is a rule of practice that, "if a cause is tried upon the theory that the answer denies the allegations of the complaint, the plaintiff will not be permitted to object to the sufficiency of the denials for the first time in the appellate court."   (2 Estee's Pleading and Practice, 3d ed., 467; *White v. Railroad Co.,* 50 Cal. 417.)

It is the duty of the court to find the facts, upon the issues made, according to the evidence given at the trial, and the presumption of law is in favor of the regularity of the proceedings of the court trying the cause.   (*Lowe v. Turner,* 1 Idaho, 107; *Goodman v. Milling Co.,* 1 Idaho, 131; *Hazard v. Cole,* 1 Idaho, 276.)

In the absence of anything in the record indicating that these denials were not accepted as sufficient when the cause was tried, we find no error, and the judgment is affirmed.

Hays, C. J., and Broderick, J., concurring.