Opinion of the Court—Sullivan, J.

(April 6, 1895.)

## PARKER v. BEAGLE.

[40 Pac. 61.]

FINDINGS OF FACT—PRESUMPTIONS.—When the record fails to affirmatively show that findings of fact were not waived the presumption is that they were waived.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

James W. Reid and G. G. Pickett, for Appellant.

In rendering judgment in this action there were no findings of fact or conclusions of law separately stated. The statute is mandatory. A finding is required on every material issue. Without it the judgment cannot be supported. For this error the judgment should be reversed. There was no waiver. (Idaho Rev. Stats., secs. 4407, 4408; *Emeric v. Alvarado,* 64 Cal. 529, 603, 2 Pac. 418; *Figg v. Mayo,* 39 Cal. 265, *Breze v. Doyle,* 19 Cal. 101; *Lucas v. San Francisco,* 28 Cal. 576; *Pralus v. Pacific etc. Co.,* 35 Cal. 35; 3 Deering's Codes, sec. 633, and notes.)

Forney, Smith & Moore, for Respondent.

In the absence of findings of fact from the record in the cause tried by the court without a jury, the presumption is that they were waived. If not, that fact should appear affirmatively. (*Squier v. Lowenburg,* 1 Idaho, 785.)

SULLIVAN, J.—This action was brought to foreclose a mortgage. The appeal is from the judgment presented on the judgment-roll. The error assigned is: "The court erred in giving its decision, and not making findings of fact as well as conclusions of law, and stating them separately." The record contains no findings of facts or conclusions of law, separately stated, and none whatever, except those contained in the decree and judgment. Section 4408 of the Revised Statutes provides that findings of fact may be waived, and, as the record does not show affirmatively that findings of fact were not

waived, the presumption is that they were. If they were not waived, that fact must affirmatively appear in the record. (*Squier v. Lowenburg,* 1 Idaho, 785; *Toulouse v. Burkett,* 2 Idaho, 288, 13 Pac. 172.) Error will not be presumed, but must appear affirmatively from the record. The judgment of the court below is affirmed, with costs of this appeal in favor of respondent.

Morgan, C. J., and Huston, J., concur.