Argued February 4, modified February 23, 1916.

## LEON v. LEON.*

(155 Pac. 189.)

**Divorce—Custody of Children—Mother's Right.**

1.   Where a wife is properly granted a divorce on her answer in her husband's suit in which he charges her with adultery, and there is no showing that she has been and is immoral, or is not a fit person to have the custody of her six year old daughter, the action of the trial court in awarding the custody to the husband will be reversed on appeal, the question of the wife's fitness being, at all times, subject to further inquiry in the court below.

**Appeal and Error—Appeal—Determination.**

2.   Cases in equity on appeal are determined from an inspection of the transcript of evidence.

From Multnomah: HENRY E. McGINN, Judge.

Victor Leon commenced a suit for divorce against Dela Leon, in which the Circuit Court granted a decree of divorce to the wife, and from an order awarding the custody of a daughter to the husband, defendant appeals.    Order modified to give the mother the custody of the child.          MODIFIED.

For appellant there was a brief over the names of *Messrs. Dimick & Dimick, Mr. M. Morehead* and *Messrs. Christopherson & Matthews,* with oral arguments by *Mr. Grant B. Dimick* and *Mr. Q. L. Matthews.*

*On the effect of provision in decree of divorce or separation on right of parent to.custody of child, see note in 41 L. R. A. (N. S.) 597.          REPORTER.

For respondent there was a brief submitted over the names of *Mr. A. E. Hooker* and *Mr. M. J. MacMahon.*

Department 1. Opinion by Mr. Chief Justice Moore.

This was a suit by the husband for a divorce on the alleged ground of adultery by the wife, and to obtain the custody of their daughter now six years old. The answer denied the charge of marital infidelity, and by way of cross-complaint and for affirmative relief averred that the plaintiff had been guilty of cruel and inhuman treatment of the defendant and of personal indignities rendering her life burdensome. The reply denied the allegations of new matter in the answer, and, the cause having been tried, the decree of divorce was granted to the wife, but the custody of the child was awarded to the husband, and from the latter order the defendant appeals.

1. The plaintiff's testimony was taken before the trial court, but no stenographic report thereof was made. Several days thereafter the testimony of the defendant and her witnesses was received, and from a perusal of a transcript thereof it is certain the wife was entitled to the decree of divorce. It does not appear from such evidence that she is or has been immoral, or that she is not a fit or proper person to have the care, custody and control of her daughter.

2. It must have seemed to the trial court from the plaintiff's testimony, or from some other source, that the best interests of the little girl would be promoted by denying the natural right of the mother to keep a daughter of such tender years. But, however this may be, as cases in equity on appeal are determined from an inspection of the transcript of the evidence, there is no alternative except to modify the order and tem-

porarily award the custody of the daughter to her mother. If, however, we are in error in this respect, it will not be difficult for the trial court, which during their minority retains supervision of children whose parents it has divorced, to notify the parties to appear, take further testimony, make a transcript thereof, decide which party, if either, should have control of the daughter, having in view the best interests of the child, and to make an order to that effect. If either party is dissatisfied with such determination, it can be reviewed on appeal.

In the meanwhile, however, the defendant will be given the care, custody and control of her daughter, and the order complained of will be temporarily modified in this respect. Modified.

Mr. Justice Benson, Mr. Justice Burnett and Mr. Justice McBride concur.