# CHARLESTON.

WM. B. NUNN *v.* REBA B. NUNN

(No. 5553)

Submitted May 4, 1926.     Decided May 18, 1926.

1. DIVORCE—*In Suit for Divorce, Plaintiff May Not Take Advantage of Separation Which He Encouraged or Condoned.*

   In a suit for divorce, the plaintiff will not be permitted to take advantage of a separation which he encouraged or condoned. (p. 638.)

   (Divorce, 19 C. J. §§ 120, 192.)

2. SAME—*In Suit for Divorce, Where Evidence Was Conflicting, Finding of Circuit Court, Not Against Plain Preponderance of Evidence, Will Not be Disturbed on Appeal.*

   In this cause the evidence is conflicting. We can not hold that the finding of the circuit court is against the plain preponderance of the evidence. That finding will therefore be undisturbed. (p. 639.)

   (Divorce, 19 C. J. § 479.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mercer County.

Suit by Wm. B. Nunn against Reba B. Nunn for a divorce. From a judgment granting defendant a temporary divorce and the custody of their infant child, plaintiff appeals.

*Affirmed.*

*James S. Kahle,* for appellant.
*John R. Dillard,* for appellee.

HATCHER, JUDGE:

This is a suit for divorce brought in the circuit court of Mercer County by William Nunn against Reba Nunn. Upon defendant's answer seeking affirmative relief, she was granted a temporary divorce and the custody of their infant child, Aileen. The plaintiff below is the appellant here.

The bill charges the defendant with desertion and adultery. The answer denies the adultery, and alleges against the plaintiff desertion, abuse and cruel treatment.

The evidence establishes imprudent conduct on the part of the defendant, but there is no direct proof of adultery. The plaintiff testified to an admission thereof, made to him by his wife, over the telephone. Without passing on the improbability of a wife blurting out such a confession over the telephone, this is not proper evidence under Sec. 8, Ch. 64, Code. A woman who called herself "Mrs. McClure" testified to an admission of adultery made to her by defendant. On cross examination this witness admitted that "McClure" was not her name, and made other admissions as to her own life and conduct which utterly discredited her as a witness. The plaintiff and defendant were living in Los Angeles at the time of her alleged desertion. Following a quarrel in which both parties were clearly at fault, the defendant left their apartment, declaring her intention to live separate from plaintiff. The plaintiff remained in Los Angeles about a month after this trouble, during which time the defendant on three separate occasions returned to their apartment and spent the night with him. He then returned to West Virginia, his former home, without letting his wife know of his intention to leave Los Angeles, and took Aileen with him. He instituted this action by order of publication. The defendant was notified of the proceeding by relatives who saw the advertisement.

The defendant denies making the admissions of adultery to her husband and to Mrs. McClure, respectively. Her letters to plaintiff written shortly after the alleged admissions were introduced in evidence by him. They are unstudied and spontaneous. They reiterate that she had done nothing actu-

ally wrong. They are entirely inconsistent with his claim of an admission of adultery. The defendant also denied any criminal conduct, and by the evidence of her alleged corespondents, absolved herself from that charge.

The physical mistreatment sworn to by defendant is supported by other evidence. The plaintiff admits slapping and pulling her around on more than one occasion. Mrs. Kloos, of Los Angeles, who was a witness for plaintiff, and was patently prejudiced against defendant, admitted that the defendant fled from her apartment, and sought sanctuary in the room of the witness one night, where she was pursued by the plaintiff, and that the witness on that occasion admonished the plaintiff as to his treatment of his wife.

The large volume of evidence taken in this cause is filled with accusations of petty misconduct which it would be useless to detail. The cause of the trouble in this case is incompatibility of temperament. The plaintiff seems to be austere, inconsiderate, intolerant and undemonstrative. According to the defendant, he is "cold as ice". The defendant is frivolous, heedless, pleasure-loving, and affectionate. By her own admission she wanted to be "petted". Not being petted at home, the evidence warrants the view that she sought compensation elsewhere in that respect. The faults of one spouse were largely responsible for the misconduct of the other. His indifference to her enjoyment caused her to seek pleasure with others; her imprudent conduct provoked his mistreatment of her. However, in the last scene of this domestic drama prior to the institution of the suit, the plaintiff acted without legal justification. During the month following the alleged desertion by the defendant, he resumed marital relations with her on several occasions, thus condoning her past frivolities. He then abandoned her in Los Angeles practically friendless and without means to follow him to West Virginia. As Judge MILLER so justly determined in *Crouch* v. *Crouch*, 78 W. Va. 708 (712), "One party will not be permitted to take advantage of a separation which he condoned or encouraged, any more than when his bad conduct has resulted in the separation."

Neither plaintiff nor defendant has established a home in which their child may be reared. Plaintiff proposes to support Aileen at the home of his parents. Defendant intends to leave the child at the home of her parents. Each pair of grandparents seems able and willing to care for their grandchild properly. From the evidence this court cannot determine in which home the interest of the child will best be served.

On the conflicting evidence the lower court has found in favor of the defendant. We cannot say that its finding is against the *plain preponderance* of the evidence. We have repeatedly held in such case that the judgment of the lower court will not be disturbed. *McBee* v. *Deusenberry,* 99 W. Va. 176.

If at any future time the conduct of the defendant no longer merits the custody of the child, or its treatment or environment are not to its best interest, the lower court can make a different disposition. In the meantime the plaintiff should be permitted to see the child at all proper times so long as he behaves circumspectly on his visits. The decree of the circuit court should be supplemented to give him that privilege. Otherwise it will be

*Affirmed.*