## Archie Luttrell v. G. C. Luttrell.

(Decided March 11, 1927.)

### Appeal from Perry Circuit Court.

1. Divorce—In Divorce Action, Depriving Wife of Custody of Three Year Old Child and Awarding it to Husband Held Error.—In divorce action, depriving wife, lacking in industry, of custody of three year old child and awarding custody of child to husband, a miner, addicted to drink, held error, in view of tender age of child.

2. Divorce—Where Husband's Earnings Were $150.00 to $200.00 Monthly, Held that Denial of Alimony was Error.—Where husband was a miner with irregular earnings amounting to between $150.00 and $200.00 monthly, held that denial of any alimony to wife was error and that she was entitled to $50.00 monthly for maintenance of self and three year old child, though wife was jealous hearted and lacking in industry.

NAPIER & HELM for appellant.

W. A. STANFILL and I. A. BOWLES for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

These parties were married on September 15, 1923. They separated on July 21, 1925. Two days thereafter, the wife began this action against her husband for divorce, alleging cruel and inhuman treatment. The case was prepared, submitted, and on May 29, 1926, the court granted the wife a divorce and gave to her the custody of a child which had been born to the parties, for the support and maintenance of which the husband was required to pay her $17.50 per month. The court refused to allow the plaintiff any alimony. On October 20, 1926, the husband moved the court to award him the custody of this child. On October 25, 1926, his motion was sustained and judgment entered giving him its custody. The wife has appealed from the judgment of the court refusing her any alimony and from the later judgment of the court taking from her the custody of the child. The wife has no prop-

erty. The husband is a miner, and while his earnings are somewhat irregular, there is enough in the record to indicate that his earnings amount to between $150.00 and $200.00 a month. The character of the wife was not attacked in any way, and in view of the tender age of the child, it being now less than three years old, it was error to deprive the mother of its custody. This record shows the husband was addicted to drink, that he cursed his wife, neglected her, and was rough and harsh in his treatment of her, but it also indicates the wife was jealous hearted, lacking in industry, and not entirely blameless. Still, it fails to fix sufficient fault upon her to justify the court in turning her out into the world without anything. She is asking for $3,000.00 alimony, which, in view of the husband's financial condition, he is utterly unable to pay. The court should have allowed her $50.00 per month to maintain herself and child. This is the second time these parties have separated. They seem to be utterly incompatible. From the wife's description of her matrimonial troubles, she should be willing to live on bread and water to be released, and if half of what the husband says of her tyrannical jealousy be true, he should be willing to pay any sum to escape from such a thralldom. The attitude upon the part of the parents of these young people toward them and toward each other, contributed largely to the wreck of this marriage.

The judgment is reversed, and the trial court will enter a judgment as indicated.