# CHARLESTON.

NAOMI RIERSON *v.* EGBERT BROOKS RIERSON

(No. 6384)

Submitted April 30, 1929.     Decided May 7, 1929.

322

A. J. *Lubliner* and *John Kee,* for appellant.
*French, Easley & Easley,* for appellee.

MAXWELL, JUDGE:

In a suit for divorce by the wife against her husband, the circuit court of Mercer county awarded her a divorce from the bonds of matrimony on the ground of the husband's adultery, and awarded the only child of the marriage, a boy of about four years, to the defendant, with the requirement imposed that the child remain with defendant's father, Dr. N. E. Rierson, at his home at Bluefield, West Virginia. The mother complains of this disposition of the custody of the child, and prosecutes this appeal.

The record does not establish improper conduct on the part of the plaintiff. It does establish very improper conduct of the defendant. He is admittedly guilty of adultery. It further appears from the record he has wholly failed to support and maintain his wife and child; that he largely depends upon his own parents for food and shelter for himself.

The plaintiff's widowed mother lives in the state of North Carolina and seems to be the owner of her home and of other property of substantial value. The plaintiff says if she is awarded the custody of the child and is permitted to do so she will take it to the home of her mother and there care for it; that this will be agreeable and satisfactory to her mother. There is no direct statement in the record from the plaintiff's

mother by deposition, affidavit or otherwise that she would be willing to take the child into her home. Dr. and Mrs. Rierson both testify in the case that they are deeply attached to the child and would like for it to remain in their home. The record discloses that they are worthy people and that they are taking good care of the child, and are able to do so, though it further appears that because of unfortunate investments the Doctor's estate has been severely depleted in recent years, but he says that he has a comfortable income from the practice of his profession of dentistry.

While it is fundamentally true that in legal contests affecting the custody of children, their welfare is the primary consideration of the courts,—the "polar star" by which the discretion of the courts is to be guided,—*Connor* v. *Harris,* 100 W. Va. 317, *State ex rel. Palmer* v. *Postlethwaite,* 106 W. Va. 383, 145 S. E. 738, it is equally true that the legal rights of the parents will be respected, when such rights have not been transferred or abandoned. *Cunningham* v. *Barnes,* 37 W. Va. 746. In the case of a young child the law favors the mother if she be a fit person. *Beaumont* v. *Beaumont,* 106 W. Va. 622, 146 S. E. 618; *Norman* v. *Norman,* 80 W. Va. 640; *Stapler* v. *Leamons,* 101 W. Va. 235. And again, where a husband and wife are divorced because of the marital misconduct of one of them, the law, as a general rule, favors the innocent spouse in awarding the custody of the children. 2 Bishop, Marriage, Divorce & Separation, sec. 1196; 9 R. C. L., 290.

The circuit court very properly hesitated to award the custody of this child unconditionally to its mother in the light of her testimony that she expected to take it to the home of her mother in the state of North Carolina. As already noted, it does not appear in the record from any direct statement of the plaintiff's mother that she would be willing for the child to be brought to her home; and, again, we are of opinion that the chancellor was right in his opinion that the child should not be taken beyond the jurisdiction of the court, at least for the present. But we perceive no sound basis for awarding this child to its father, conditionally or otherwise. The evidence convicts him of being an improper person to be

entrusted with the care and guidance of a young child. On the other hand, it appears from the record with equal clarity that Dr. & Mrs. Rierson, the parents of the defendant, and grandparents of the child, are worthy people, able to care for the child, and that it is receiving proper care, nurture and instruction in their home. We approve the action of the circuit court in leaving it in their home, but we are of opinion that the chancellor erred in awarding to the defendant even a limited or conditional custody of this child. We, therefore, reverse the decree of the circuit court in so far as it gives any recognition to the defendant in the custody of the child, and award the custody to the mother; but being further of opinion that the child should not at this time be taken out of the state as the mother has testified that she intended to do if awarded the custody, our order will further require that, until further order of the circuit court of Mercer county or of this Court, the mother shall permit the child to remain at the home of Dr. and Mrs. N. E. Rierson at Bluefield.

*Reversed in part; affirmed in part.*