## SWIFT v. SWIFT.
### No. 1007.

Court of Civil Appeals of Texas. Waco.
March 19, 1931.

C. H. Machen, of Mexia, and J. E. Bradley, of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

GALLAGHER, C. J.

Appellee, W. P. Swift, sued appellant, Faye Swift, for divorce on the ground of cruel treatment and for the custody of a minor child, the only issue of their marriage.

There was a trial to the court and judgment in favor of appellee for divorce, and awarding the custody of the child to appellee for six months in each year and to appellant for the remainder of the year.

■ Appellant in her first proposition presents as ground for reversal the action of the court in overruling her general demurrer to appellee's petition. The transcript does not show that such demurrer was ever presented to the court and his ruling thereon invoked. It was therefore waived. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533, par. 1. We have examined the petition, and are of the opinion that it is sufficient to support the judgment as against a contention of fundamental error. Southern Casualty Co. v. Morgan, supra, 16 S.W.(2d) page 533, par. 2; Caywood v. Caywood (Tex. Civ. App.) 290 S. W. 889, 890, par. 1; Ellis v. Ellis (Tex. Civ. App.) 251 S. W. 287, pars. 1 and 2.

■■ Appellant in her second proposition contends that the testimony introduced is insufficient to sustain the judgment. The testimony shows that such relations existed between the parties as to render their further living together in mutual sympathy, co-operation, and happiness highly improbable, if not impossible. A recital of the same would have no precedential value. The finding of the court in favor of appellee was general, and therefore every issue of fact raised by the testimony must be considered found in his favor. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, par. 2, and authorities there cited. Since there was testimony raising the issue, such general finding will be construed to include the specific finding that the further living together of the parties would be insupportable. Appellant's contention is overruled. Caywood v. Caywood, supra, 290 S. W. 890 et seq.; Ellis v. Ellis, supra.

Appellant in her third and last proposition contends that the judgment of the court awarding the custody of their infant child to appellee for six months in the year is contrary to the best interest of such child. This case was tried April 26, 1930. Patricia Bernice Swift, a female child, was the only issue of the marriage of the parties. She was about 18 months old at the time of trial. Both of them asked for her custody. The court awarded her custody to appellee from May to October, inclusive, of each year and to appellant for the remainder of the time. The testimony does not show that appellee owns any property. He was employed at the time of the trial in the machine shops of an oil company at Mexia, and stated that he would continue in such employment as long as the company was satisfied with his services. He and appellant had lived together only about four months since the birth of said child. His contributions to its support after the final separation were small and finally ceased. He roomed at Mexia, in a building called a warehouse, and took his meals at a café. He frankly stated that he was not prepared to take care of said child at Mexia, and that, if its custody were awarded to him, he would send it to his parents, who resided at a point in the panhandle about 400 miles from Mexia and about 600 miles from where appellant resided at the time. There is nothing in the record to show any special affection on his part for said child. Appellant testified that during much of the child's life it had been in delicate health; that she and the child lived with her parents at Goose Creek near Houston; that she was employed as a stenographer at $60.00 a month; that her mother took care of the child during the day while she was absent at work, but that it received her special care and attention at night. The testimony showed that her parents were able and willing to aid her in its support and maintenance. Appellee in open court disclaimed any challenge of appellant's moral character.

■ The statute invests the court in the trial of cases of divorce with authority to give the custody of the children of the marriage to either the father or the mother, as the court shall deem right and proper, having regard to the prudence and ability of the respective parents and the age and sex of the children. In determining to which of the parents the custody of a child should be awarded, its best interest and welfare are the paramount is-

sues. The rights of the respective parents growing out of their relation to, affection for, or interest in such child are to be determined and fixed by the judgment rendered, but such rights are subordinate to its best interest and welfare. Hardy v. McCulloch (Tex. Civ. App.) 286 S. W. 629, 632, par. 4 (writ refused); Haymond v. Haymond, 74 Tex. 414, 421, 12 S. W. 90; Legate v. Legate, 87 Tex. 248, 252, 28 S. W. 281; Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351, 353, par. 2; Smith v. Smith (Tex. Civ. App.) 200 S. W. 1129, 1131, par. 5; Boyd v. Boyd (Tex. Civ. App.) 157 S. W. 254, 256, par. 3; Bowlen v. Bowlen (Tex. Civ. App.) 1 S.W.(2d) 355, 356, par. 2; Cecacci v. Martelli (Tex. Civ. App.) 235 S. W. 951, 953, par. 4; Clayton v. Kerbey (Tex. Civ. App.) 226 S. W. 1117, 1119, par. 7 (writ refused). The fact that the court awarded the custody of the child to appellant for one-half the time necessarily involves a finding that she is a suitable person for such responsibility and that the welfare of the child will best be served by committing it to her care for the time allotted. Vickers v. Faubion (Tex. Civ. App.) 224 S. W. 803, 807, par. 8. Appellee frankly admitted that he was not in a position to personally care for it, but that it was his purpose to surrender its care and custody to his parents, who lived 400 miles away from where he lived. Its commitment to him for one-half the time, under such circumstances, was nominal only, and was in effect its commitment to the custody of its paternal grandparents for such part of the time. The testimony does not disclose that they or either of them had ever seen or been with such child except for a period of about one month during a visit by appellant to them when it was about 9 months old. In the absence of some evidence to the contrary, the law presumes that the welfare of the child will best be served by committing it to the care and custody of its parent rather than others, however near the relationship. State v. Deaton, 93 Tex. 243, 248, 54 S. W. 901. The law expressly provides that the age and sex of the child shall be considered in determining to which of the parents its custody shall be awarded. Other things being equal, preference should be given to the mother in awarding the custody of a female child, especially when it is of tender years, as in this case, and this rule prevails, notwithstanding the divorce may have been granted to the father. McLemore v. McLemore (Tex. Civ. App.) 285 S. W. 693, 694, par. 3; Martin v. Martin (Mo. App.) 238 S. W. 525, 529, par. 3; Taylor v. Taylor, 163 Ark. 229, 259 S. W. 395; Luttrell v. Luttrell, 218 Ky. 777, 292 S. W. 343; Gothard v. Lewis, 235 Ky. 117, 29 S.W. (2d) 590, 591; Hendrick v. Hendrick, 247 Mich. 327, 225 N. W. 483; Beaumont v. Beaumont, 106 W. Va. 622, 146 S. E. 618, pars. 1 and 2; Werner v. Werner, 204 Iowa, 550, 212 N. W. 569, 570, par. 1; Cosgrove v. Cosgrove, 172 Minn. 89, 214 N. W. 793; Barnett v. Barnett, 144 Md. 184, 125 A. 51, 57, par. 10; Feather v. Feather, 112 Neb. 315, 199 N. W. 533, 534, pars. 1 and 2; Schmitt v. Schmitt, 106 Or. 246, 210 P. 722, 723, par. 2; McFadden v. McFadden, 22 Ariz. 246, 196 P. 452, 453, pars. 2 and 3; 19 C. J. p. 345, § 799, and authorities cited in note 35, also section 800 and authorities cited in note 47; 9 R. C. L. p. 476.

The award of the custody of a child to each of the parents for alternate periods of short duration has been disapproved. 19 C. J. p. 344, § 797, and authorities cited in note 27. While large discretion is vested in the trial court in awarding the custody of minors, such awards are subject to review on appeal. Lawler v. Wray (Tex. Civ. App.) 8 S.W.(2d) 524, pars. 2, 3 and 7. Appellant's good moral character was expressly admitted and the court found her a suitable person to have the custody of said child. There is nothing in the record tending to show that its interest and welfare would be better served by awarding its custody to appellee for a part of the time. The judgment is therefore so modified as to award the custody of said child to appellant and to eliminate so much of said judgment as awards such custody to appellee for one-half the time. The order of the trial court allowing appellee the right to visit said child at proper intervals is not disturbed.

The judgment of the trial court as here modified is affirmed.