[No. 23020. Department Two. July 21, 1931.]

EVELYN A. MASON, *Appellant*, v. GEORGE C. MASON, *Respondent*.[1]

*Caldwell & Lycette,* for appellant.

*Joseph H. Griffin,* for respondent.

BEELER, J.—The plaintiff brought this action against her husband for a divorce. He answered, and by cross-complaint sought a divorce against his wife. The lower court entered an interlocutory order or decree granting a divorce to both parties. The plaintiff was denied her costs, suit money and attorneys' fees. The defendant was ordered to pay the sum of thirty dollars per month for the support of the child, whose custody was awarded to both parties, on condition, however, that

[1]Reported in 1 P. (2d) 885.

the child be kept in the home of plaintiff's parents four days each week and the remaining three days of each week in the home of defendant's mother. Feeling aggrieved with this disposition of the cause, the plaintiff has appealed.

An extended analysis of the evidence would serve no useful purpose. Suffice to say that it reflects a story of an unfortunate and rather tempestuous matrimonial venture—one filled with strife and discord and mutual distrust. She was eighteen and he was twenty-one years of age at the time of the marriage. He was a common laborer, with a limited earning capacity. No property was accumulated during the marriage. They had no permanent place of abode. For a short time following the marriage, they resided in Seattle. Later in Snohomish. Then in Everett. Then in Seattle again. Occasionally, during short intervals, appellant would reside with her parents. The parties had lived separate and apart for approximately two years before the action was begun.

In July, 1929, the child, then past two years of age, was placed in the care and keeping of a Mrs. Burke at Seattle, who maintained a home for babies. The child was kept at this home the greater part of one year, during a part of which time the appellant also lived there and worked as a domestic, washing dishes and scrubbing floors at night for her board and room, while during the daytime she was employed in the office of an insurance company. In this manner, she not only supported herself but aided in the support of her offspring. Under these discouraging and adverse conditions, she displayed heroic devotion to the child. While on a few occasions only she may have been somewhat indiscreet, yet on the whole she showed an abiding affection and a sympathetic interest in the welfare of her

child. Prior to and at the time of the trial in the court below, plaintiff and the child were living with her parents, Mr. and Mrs. Kilgore.

Concerning the custody of the child, the interlocutory order in part provides:

"That the custody of said minor child, Marajane H. Mason, shall be awarded to the plaintiff and defendant under the following conditions: That from Sunday, beginning at the hour of 12:00 o'clock p. m., of each week, until Thursday of each week at the same hour, the custody of said minor child shall be given to the plaintiff, provided that said minor child shall be kept at the home of Mr. and Mrs. Kilgore, the parents of the plaintiff; and that the defendant is to have the care and custody of said child the remainder of each week provided that the child is kept at the home of Mrs. Mason, the mother of the defendant; that the defendant is to go to the plaintiff to get the child and to return the child to the plaintiff at the times aforesaid."

The lower court found the mother to be a fit, suitable and proper person to have the care, custody and control of the minor child. A careful perusal of the evidence convinces us that it amply sustains the court's findings in that regard. Her fitness being thus established, nevertheless the trial court in its decree provided that during four days of each week the child should be in the care and under the control of its maternal grandmother, and for the remaining three days of each week in the care and control of its paternal grandmother. Thus the child becomes a perpetual traveler. This constant change in environment, discipline and control undoubtedly would prove to be harmful to the child. It is imperative that a child of tender years such as is here involved be given uniform discipline and training. There is no substitute for mother love in caring for and rearing a child, and hence courts are loath to deprive a mother of its custody and control. It is the birthright of every child to be reared

by its mother, unless she be unworthy, which, of course, is neither asserted nor shown here.

In *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698, we said:

"But the fact that the conduct of a mother is not what others might think the most proper is not sufficient of itself to deprive her of the right to the permanent or periodic custody of her minor child. Mother love is a dominant trait in even the weakest of women, and as a general thing, surpasses the paternal affection for the common offspring, and moreover, a child needs a mother's care even more than a father's. For these reasons, courts are loath to deprive the mother of the custody of her children, and will not do so unless it be shown clearly that she is so far an unfit and improper person to be entrusted with such custody as to endanger the welfare of the children. In the present case, we are satisfied that no sufficient showing has been made for a modification of the original decree."

Inasmuch as the lower court found appellant to be a fit and suitable person to have the custody of the child, which finding is abundantly supported by the evidence, we conclude that she should have its sole custody, care and control, provided, however, that the child shall be kept at the home of appellant's parents until the further order of the superior court for King county.

The trial court disallowed appellant her costs, suit money and attorneys' fees. This ruling is assigned as error. However, we find no abuse of discretion in that regard. The allowance or disallowance of attorneys' fees and suit money in a divorce action is within the discretion of the trial court, and the ruling made thereon will not be disturbed except on a showing of abuse of discretion by the trial judge. In *Kreiger v. Kreiger,* 133 Wash. 183, 233 Pac. 306, we said, "The allowance of attorney's fees and suit money is a matter falling within the discretion of the trial court."

The interlocutory order or decree of divorce will be

modified in two particulars: First, the sole care, custody and control of the minor child shall be awarded to the appellant; provided, however, that it shall be kept at the home of Mr. and Mrs. Kilgore until the further order of the superior court for King county; and second, that respondent shall have the right to see and visit the child at all reasonable times, and shall have the right to take the child on pleasure trips, the frequency of such visitation privileges to be fixed by the trial judge. In all other respects the interlocutory decree is affirmed.

The appellant is allowed her costs on appeal.

The cause is remanded, with direction to the lower court to modify the interlocutory decree accordingly. It is so ordered.

TOLMAN, C. J., BEALS, and PARKER, JJ., concur.