(No. 5726.   April 25, 1932.)

JESSIE  B.  KIRKPATRICK, Appellant, v. WILLIAM
KIRKPATRICK, Respondent.

[10 Pac. (2d) 1057.]

E. H. Casterlin, for Appellant.

Solon B. Clark, for Respondent,

VARIAN, J.—Proceeding to modify divorce decree as to custody of minor child. The parties were divorced November 29, 1927, in Bannock county, on complaint of the mother, the decree providing that the custody of June Kirkpatrick, only child of the marriage, then being about three years of age, be awarded to the mother (appellant) from March 1st to December 1st, and to the father for the remaining three months of each yearly period. The decree granted $1,500 alimony, suit money, and provided that the father pay $25 monthly for the support of the child while in the mother's custody. By amended petition the father sought to have the original decree so modified as to give him exclusive custody of the child, then about six years of age, subject to the right of visitation by the mother. The

mother filed a cross-petition asking for the same relief. Since the divorce both parents have remarried and reside about sixteen miles apart, on ranches in the Pahsimeroi valley, near May, Idaho. Judge Terrell granted the original decree. Judge Adair heard the petitions to modify, granted the father's petition, and modified the decree to conform thereto. This appeal followed. The material facts are substantially as follows:

Respondent is engaged in farming and livestock raising about eleven miles from May, Idaho, and two miles from the nearest school. His present wife is a former school-teacher and business woman. Both are willing to take the child and provide for her. He has a motor-truck and can arrange to take the child to school. He testified that the child had last been with him on June 26, 1930, he having received her on April 26, 1930; that he had custody of the child practically all of the time since the decree, prior to January, 1930; that doctors were consulted by him who were of opinion that the child's tonsils should be removed, and that this was never done.

Appellant is married to Sidney M. Dowton and lives with her husband, his sister, and his mother, on a farm about four miles from May, in a five-room house comfortably arranged. Dowton, his mother, sister and appellant are willing the child should be with her mother.

During the fall of 1930, appellant sent the child to Salmon, Idaho, for the purpose of attending school, and placed her in charge of appellant's mother, a Mrs. Maelzer. The child and its grandmother occupied a large well-ventilated room on the second floor of a store building owned by the grandmother. On one side of their room was the telephone office and on the other a room occupied by Mrs. Maelzer's son, daughter-in-law and their six children. But one toilet was available for the upstairs portion of the building and baths were taken in washtubs, in water heated on the stove. There was no playground for the children except the streets and alleys. The grandmother's health was not

good, yet she managed, with the help of the daughter-in-law, to give the child necessary attention, feeding and bathing her regularly, etc.

There is nothing in this record indicating that either of the parties is unfit, in any way, to have the custody of the child. The homes are practically the same and the fact that the father resides two miles closer to a school is not deemed of sufficient moment to be controlling here. There was some testimony by the school authorities of Salmon to the effect that the child ranked in the lower third in the results of intelligence tests, due, it was thought to slow mental development rather than lack of intelligence. They recommended that she be taken from school for one year. There is no evidence that this recommendation was ever communicated to appellant prior to the hearing.

C. S., sec. 4643, reads:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

This section, in connection with C. S., sec. 4642, providing the court may award alimony "necessary to enable the wife to support herself or her children, or to prosecute or defend the action," while the same is pending, gives the district court jurisdiction to award custody of children. (*Gifford v. Gifford*, 50 Ida. 517, 297 Pac. 1100.) The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. (C. S., sec. 4681.)

In awarding the custody of a child to either parent this court has held: The welfare of the child is of "paramount importance" (*Piatt v. Piatt*, 32 Ida. 407, 184 Pac. 470); is of "utmost importance" (*Olson v. Olson*, 47 Ida. 374, 276 Pac. 34); "The question as to the disposition of children . . . . is in the first instance committed to the discretion of the trial court," and unless such discretion is

abused the judgment will not be disturbed. (*Donaldson v. Donaldson*, 31 Ida. 180, 170 Pac. 94; *Olson v. Olson, supra.*) In the Olson case the court said that "Awarding the custody of a child of tender years to its father, rather than its mother, on evidence that the father is better fitted to care for and educate it, does not constitute an abuse of discretion." No such evidence is presented here. It is shown the parents are equally able to take care of the child, and that neither is better fitted for that duty, except that "naturally and presumptively the mother is entitled to the custody and care of minor children of tender years." (*Luck v. Luck,* 92 Cal. 653, 28 Pac. 787; *Simmons v. Simmons*, 22 Cal. App. 448, 134 Pac. 791.) The latter case also recognizes the rule that the "good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this, rather than to the whims and caprices of the parties." (*Crater v. Crater*, 135 Cal. 633, 67 Pac. 1049.) "It is well settled, however, that courts will not deprive the mother of custody of her child unless it is shown clearly that she is so unfit a person as to endanger the child's welfare." (19 C. J. 351; *Gross v. Gross,* (Neb.) 239 N. W. 201; *Caldwell v. Caldwell*, 141 Iowa, 192, 119 N. W. 599; *Gibson v. Gibson,* 156 Ark. 30, 245 S. W. 32; *Knepper v. Knepper,* 139 Mo. App. 493, 122 S. W. 1117; *Mason v. Mason,* 163 Wash. 539, 1 Pac. (2d) 885; *Leon v. Leon,* 79 Or. 347, 155 Pac. 189; *Feather v. Feather,* 112 Neb. 315, 199 N. W. 533.)

The original decree should be modified because the periods the child was in the custody of either parent conflicted with the school terms. That is, her custody was awarded to each parent for periods of time extending into each school year, which might result in the child being taken from one school and placed in another during every school year. It is thought that dual custody and alternating control thereby resulting is not for the best interest of a female child of tender years. (*Caldwell v. Caldwell, supra;*

*Mason v. Mason, supra; Swift v. Swift,* (Tex. Civ. App.) 37 S. W. (2d) 241.)

The child's health was a subject of friendly discussion by the parents and the failure to have the tonsillotomy performed is no more chargeable to the mother's neglect than to that of the father, under the facts disclosed by the evidence. While the trial court may have concluded from the evidence (findings have been waived, since no objection was made. *Squier v. Lowenberg,* 1 Ida. 785; *Parker v. Beagle,* 4 Ida. 453, 40 Pac. 61; *Bunnell & Eno Inv. Co. v. Curtis,* 5 Ida. 652, 51 Pac. 767) that the environment at her grandmother's residence was not conducive to the child's best welfare, it is quite apparent that this was only a temporary arrangement intended to give the minor better school facilities. At most, it was but an error of judgment on the mother's part, not designed to place the custody of the child permanently with its grandmother, and did not constitute a waiver of the mother's right to her daughter's custody. The trial judge was, therefore, not justified in giving the custody of the child to the father, and in so doing abused his discretion and his modification of the decree cannot be upheld. (*Meadors v. Meadors,* 213 Ky. 397, 281 S. W. 180; *Jensen v. Jensen,* 168 Wis. 502, 170 N. W. 735; *Smith v. Smith,* 15 Wash. 237, 46 Pac. 234; *Beaumont v. Beaumont,* 106 W. Va. 622, 146 S. E. 618; *Taylor v. Taylor,* 163 Ark. 229, 259 S. W. 395; *Lester v. Lester,* 178 App. Div. 205, 165 N. Y. Supp. 187; *Caldwell v. Caldwell, supra; Gibson v. Gibson, supra; Knepper v. Knepper, supra; Swift v. Swift, supra; Mason v. Mason, supra; Leon v. Leon, supra; Feather v. Feather, supra.*)

The order modifying the decree is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed. Costs to appellant.

Lee, C. J., and Budge and Leeper, JJ., concur.

Givens, J., dissents.