WM. H. STRAUGHAN *v.* MILLIE M. STRAUGHAN

(No. 7959)

Submitted November 21, 1934. Decided December 11, 1934.

*P. L. Salisbury* and *Lon G. Marks,* for appellant.
*D. B. Dawson,* for appellee.

LITZ, JUDGE:

This is a divorce suit in which each party seeks a dissolution of the marital relation upon a charge of adultery against the other.

Plaintiff, William H. Straughan, and defendant, Millie M. Straughan, were intermarried June 6, 1923, and thereafter lived together as man and wife until June or July, 1932, at which time they separated and have ever since remained apart. A female child (Dorothy Elizabeth), born of the marriage January 26, 1925, is living. The divorce commissioner, to whom the cause was referred,

acquitted defendant, and convicted plaintiff, of adultery. The commissioner in his report also recommended that the care and custody of the child, who had been with the mother from birth, be awarded plaintiff upon condition that he place her in the home of his parents. The trial court affirmed the finding of the commissioner, dissolved the marriage, and awarded the custody of the child to the father as recommended in the report.

Defendant has appealed from the decision, committing the custody of the child to the plaintiff; and plaintiff cross-assigns error to the rulings, convicting him and acquitting defendant of adultery. Counsel for plaintiff concedes the insufficiency of the evidence (entirely circumstantial) of the charge of adultery against defendant, but insists that the plaintiff also should have been acquitted notwithstanding the charge against him was established by the direct and positive testimony of several witnesses and his virtual admission.

The only question, therefore, for this Court to decide is whether the custody of the child should be changed. It was transferred from the mother to the father, evidently because of the finding, reported by the commissioner, as follows: "The evidence shows that the defendant lives with this child with another family, composed of a man and wife and two children, in a five room house in Crescent Road, Charleston, West Virginia. That there are some improper relations existing between the head of this family, Pearly E. Walton, and the defendant is fairly clear, although your Commissioner is of opinion that the charge of adultery has not been proved."

Neither the commissioner nor the court seems to have considered the right of the mother to retain the custody of the child if she be kept and maintained at the home of the maternal grandparents who apparently are as fit, able and willing to assume the trust as the paternal grandparents. The mother has several responsible brothers of stable incomes who express a willingness, in their testimony, to assist in the support of her and Dorothy Elizabeth. The evidence also indicates that the Straughan home will not, in some respects, be conducive to the

happiness of the child. No paternal relative has appeared in the case and offered to assume the responsibility of her care and custody.

"The welfare of the infant is the polar star by which the discretion of the court is to be guided; but the legal rights of the parent will be respected, being founded in nature and wisdom, unless they have been transferred or abandoned." *Cunningham* v. *Barnes,* 37 W. Va. 746, 17 S. E. 308. "Other considerations being equal it is usual to award the custody of children to the innocent spouse." *Rierson* v. *Rierson,* 107 W. Va. 321, 148 S. E. 203.

Being of opinion that it will be to the interest of the child to recommit her custody to the mother, conditioned upon her being kept and maintained at the home of the maternal grandparents, the decree, appealed from, is reversed in. so far as it awards the custody of the child to the father and affirmed in all other respects.

*Reversed and remanded.*