IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re: Marriage of | ) | No. 31690-4-III |
| | ) | |
| CINDY J. BROWN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| LAWRENCE T. BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J.—Cindy Jean Brown appeals a ruling denying her request for

postsecondary educational support and sanctioning her for making the request too

early. She contends the trial court erred by sanctioning her and failing to decide her

request for attorney fees and costs incurred in petitioning for child support modification.

Disagreeing with her first contention, we affirm her sanctions. But agreeing with her

second contention, we remand to address her request for attorney fees and costs.

FACTS

The parties have two sons who were ages 16 and 11 on the day Ms. Brown

petitioned a superior court commissioner for child support modification.[1] Her petition

---

[1] Ms. Brown's attorney mistakenly insists the sons were nearly ages 17 and 13
at all relevant times. The older son was born on March 14, 1996, the younger son was
born on June 16, 2000, and Ms. Brown petitioned on April 18, 2012. The duration

No. 31690-4-III
*In re Marriage of Brown*

partly requested an award of postsecondary educational support for both sons, and

attorney fees and costs based on each party's need and ability to pay. The

commissioner granted her petition overall but denied her request for postsecondary

educational support and neglected to decide her request for attorney fees and costs.

The commissioner ordered her to pay Mr. Brown terms of $750, reasoning her request

for postsecondary educational support was "premature," "not ripe for a decision," and

"without basis in fact or law." Clerk's Papers at 57. While the commissioner did not

identify what authority he relied upon to sanction Ms. Brown, both parties apply CR 11.

Ms. Brown moved a superior court judge for revision without mentioning the

commissioner failed to decide her request for attorney fees and costs. Accordingly, the

judge did not consider this error in denying her motion. Ms. Brown appealed.

ANALYSIS

A. Sanctions

The issue is whether the trial court erred in sanctioning Ms. Brown for

prematurely requesting postsecondary educational support.[2] She contends a

reasonable attorney in like circumstances could believe the request was factually and

legally justified, as required by CR 11. We review CR 11 sanctions for abuse of

discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299,

---

between the older son's birth date and the petition date is 16 years and one month while
the duration between the younger son's birth date and the petition date is 11 years and
10 months.

[2] Because Ms. Brown appeals the judge's denial of her revision motion, we
review the judge's ruling, not the commissioner's ruling. *See State v. Hoffman*, 115 Wn.
App. 91, 101, 60 P.3d 1261 (2003), *rev'd on other grounds*, 150 Wn.2d 536, 78 P.3d
1289 (2003).

2

338, 858 P.2d 1054 (1993). A trial court abuses its discretion if its decision is "manifestly unreasonable," based on "untenable grounds," or made for "untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).[3]

Under CR 11, Ms. Brown's attorney had to sign the petition for child support modification before filing it. This signature certified "that to the best of the . . . attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the petition] is well grounded in fact; [and] (2) it is warranted by existing law or a good faith argument for the extension . . . of existing law." CR 11(a). If Ms. Brown's attorney violated this rule in signing the petition, the trial court could impose on Ms. Brown "an appropriate sanction, which may include an order to pay to [Mr. Brown] . . . the amount of the reasonable expenses incurred because of the filing of the [petition], including a reasonable attorney fee." CR 11(a).

The purpose of CR 11 sanctions is "to deter *baseless* filings and to curb abuses of the judicial system" but not "to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). To avoid deterring meritorious filings, the trial court could not impose CR 11 sanctions on Ms. Brown unless the request for postsecondary educational support "lack[ed] a factual or legal basis" and Ms. Brown's attorney "failed to conduct a *reasonable inquiry* into the [request's] factual and legal basis." *Id.* at 220. Thus, the

---

[3] *See also In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997) ("A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable

court needed to consider, under an objective standard without the benefit of hindsight, "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified." *Id.* Relevant factors include the request's overall plausibility and complexity. *Id.* at 220-21 (quoting *Miller v. Badgley*, 51 Wn. App. 285, 301-02, 753 P.2d 530 (1988)); 3A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 11, at 246 (6th ed. 2013).

Applying this standard, the trial court could impose CR 11 sanctions on Ms. Brown if it was "patently clear" the request for postsecondary educational support had "absolutely no chance of success." *Skimming v. Boxer*, 119 Wn. App. 748, 755, 82 P.3d 707 (2004); *accord MacDonald v. Korum Ford*, 80 Wn. App. 877, 884, 912 P.2d 1052 (1996); *Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 122, 780 P.2d 853 (1989). The court could not impose CR 11 sanctions on Ms. Brown merely because the request failed on its merits. *Bryant*, 119 Wn.2d at 220.

Here, it was patently clear the request for postsecondary educational support had absolutely no chance of success as to the 11-year-old son. This half of the request was utterly implausible because it was so premature it could not meaningfully address RCW 26.19.090(2)'s factors, including "the child's needs; . . . the child's prospects, desires, aptitudes, abilities or disabilities; [and] the nature of the postsecondary education sought." This implausibility was readily apparent before Ms. Brown's attorney made the request because RCW 26.19.090(2)'s factors are very easy to understand and apply. Ms. Brown's attorney failed to conduct a reasonable inquiry into the request's factual

---

reasons if it is based on an incorrect standard or the facts do not meet the requirements

4

and legal basis because any such inquiry would have exposed this implausibility and required abandoning the request. A reasonable attorney in like circumstances could not believe the request was factually and legally justified. Therefore, the request was baseless, lacking a factual and legal basis as to the 11-year-old son.

Ms. Brown's attorney cites *In re Marriage of Morris*, 176 Wn. App. 893, 309 P.3d 767 (2013), as authority allowing postsecondary educational support for the 16-year-old son. She misreads *Morris* in two ways. First, the younger daughter in *Morris* was age 17 at the time of the petition, not age 16 as Ms. Brown's attorney represents. *See* 176 Wn. App. at 896 (specifying a birth date of April 21, 1995 and a petition date of June 8, 2012). Second, and more importantly, the *Morris* court did not consider the merits of postsecondary educational support for the younger daughter because the respondent invited any error by strategically assenting to it. 176 Wn. App. at 900-01.

Even if *Morris* supported this argument by Ms. Brown's attorney, the request for postsecondary educational support was still frivolous as to the 11-year-old son. And, the request did not need to be wholly frivolous for the trial court to impose CR 11 sanctions on Ms. Brown. *See* 1 WASH. STATE BAR ASS'N, WASHINGTON CIVIL PROCEDURE DESKBOOK § 11.6(2)(b)(ii), at 11-20 (2d ed. 2002 & Supp. 2006) (comparing CR 11 with RCW 4.84.185). The request did not need to lack a factual or legal basis as to both the 11-year-old son and the 16-year-old son. It is enough that the half of the request concerning the 11-year-old son was frivolous. Appropriately, the court awarded Mr.

---

of the correct standard.").

No. 31690-4-III
*In re Marriage of Brown*

Brown half of the CR 11 sanctions he requested. Considering all, we conclude the trial court did not abuse its discretion and did not err in sanctioning Ms. Brown.[4]

### B. Trial Court Fees and Costs

The issue is whether the trial court erred by neglecting to decide Ms. Brown's request for attorney fees and costs incurred in petitioning for child support modification. She contends RCW 26.09.140 required the court to decide her request upon each party's need and ability to pay regardless of her CR 11 sanctions. We review a refusal to award attorney fees and costs in a divorce-related proceeding for abuse of discretion. *Mason v. Mason*, 163 Wash. 539, 542, 1 P.2d 885 (1931). A trial court abuses its discretion if it fails to exercise discretion when required to do so. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 224, 995 P.2d 63 (2000); *Bowcutt v. Delta N. Star Corp.*, 95 Wn. App. 311, 320-21, 976 P.2d 643 (1999).

While Ms. Brown arguably waived this error claim by omitting it from her revision motion, we choose to remand for the trial court to consider her request because our record shows she earns about a third of the income Mr. Brown earns and she prevailed on the nonfrivolous parts of her child support modification petition. We are aware of no authority suggesting a trial court may ignore or impliedly deny a party's request for attorney fees and costs under RCW 26.09.140 solely because the court was then

---

[4] Because the half of the request concerning the 16-year-old child is immaterial for purposes of CR 11 sanctions, any error by the trial court in thinking the child was a year younger is harmless. *See Brown v. Spokane County Fire Prot. Dist. No. 1*, 100 Wn.2d 188, 196, 668 P.2d 571 (1983) (stating an appellate court will not reverse a ruling unless a prejudicial error affected or presumptively affected the outcome).

sanctioning the party under CR 11. The trial court abused its discretion and erred by neglecting to decide Ms. Brown's request.

### C. Appellate Fees and Costs

Ms. Brown requests an award of appellate attorney fees and costs. Under RCW 26.09.140, we may, in our discretion, award either party attorney fees or costs incurred on appeal from a divorce-related proceeding. In exercising discretion under RCW 26.09.140, we consider "the arguable merit of the issues on appeal and the financial resources of the respective parties." *In re Marriage of Griffin*, 114 Wn.2d 772, 779, 791 P.2d 519 (1990); *accord In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005). This approach is unique because, as discussed above, a trial court does not consider arguable merit in exercising discretion under RCW 26.09.140.

Ms. Brown's main contention lacks arguable merit. Additionally, the parties did not file affidavits demonstrating their respective financial resources, as required by RAP 18.1(c). Therefore, we deny her request.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW

No. 31690-4-III
*In re Marriage of Brown*

2.06.040.

WE CONCUR:

_____
Siddoway, C.J.

_____
Brown, J.

_____
Lawrence-Berrey, J.

8